MARK DAVID MCPHERSON (SBN 307951)
*MMcPherson@goodwinlaw.com*
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, New York  10018
Tel. +1 212 813 8800
Fax: +1 212 355 3333

REBECCA L. TARNEJA (SBN 293461)
*RTarneja@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 South Figueroa Street, Suite 4100
Los Angeles, California  90017
Tel. +1 213 426 2500
Fax: +1 213 623 1673

Attorneys for Defendant
LETSGETCHECKED, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| DAVID VACCARO, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LETSGETCHECKED, INC., and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. 2:25-cv-196<br><br>**DEFENDANT LETSGETCHECKED, INC.'S NOTICE OF REMOVAL**<br><br>State Court Case No. 24STCV31539 |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b), defendant LetsGetChecked, Inc. ("LGC") hereby removes an action originally filed in the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California. Removal is proper for the reasons set forth herein.

**I.    PROCEDURAL HISTORY.**

1. On or about December 2, 2024, plaintiff David Vaccaro filed a putative class action complaint in the Superior Court of California for the County of Los Angeles, entitled *David Vaccaro et al. v. LetsGetChecked, Inc. et al.*, Case No. 24STCV31539 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. On or about December 9, 2024, LGC was served with the Complaint. A true and correct copy of the Service of Process is attached hereto as **Exhibit 2**.

3. Plaintiff alleges that he is an individual who is a citizen and resident of California.

4. In his Complaint, Plaintiff alleges that LGC records telephone communications of Plaintiff and the proposed classes without prior consent, in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 *et seq*. (Ex. 1, Compl. ¶¶ 3, 42–50.)

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon LGC in the state court and not previously referenced are attached as **Exhibit 3**.

6. Pursuant to 28 U.S.C. § 1446(d), LGC is filing and serving written notice of the removal of this case with the Clerk of the Superior Court of California for the County of Los Angeles. *See* **Exhibit 4**. Written notice of the removal of this action is also being sent to Plaintiff's counsel. *See* **Exhibit 5**.

7. Nothing in this Notice of Removal shall constitute a waiver of LGC's

right to assert any defense or argument, or avail itself of any substantive or procedural right, including but not limited to any motions pursuant to Federal Rule of Civil Procedure 12 (including but not limited to motions asserting a lack of jurisdiction or failure to state a claim upon which relief can be granted), as the case progresses.

8. If the Court considers a remand, LGC requests that the Court issue an order to show cause why the case should not be remanded, giving the parties the opportunity to present briefing and argument prior to any remand. This procedure is appropriate because, pursuant to 28 U.S.C. § 1447(d), a remand order is not subject to appellate review.

## II. REMOVAL IS TIMELY.

9. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). Plaintiff filed his Complaint on December 2, 2024, and served the Complaint on LGC on December 9, 2024. (*See* Ex. 1, Compl.) LGC filed this Notice of Removal within thirty (30) days of service, as required. 28 U.S.C. § 1446(b); *see, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

## III. SUBJECT MATTER JURISDICTION EXISTS.

10. This Court has original jurisdiction over the action under 28 U.S.C. § 1332(d)(2), and the action is removable to this Court pursuant to 28 U.S.C. § 1453(b).

11. A class action filed in state court is removable to federal district court under the Class Action Fairness Act ("CAFA") if: (1) the putative class includes more than 100 members; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs" is diverse "from any defendant" in any one of three statutorily enumerated ways. 28 U.S.C. § 1332(d)(2). CAFA's requirements are satisfied here.

### A. This Action Meets the "Class Action" Definition Under CAFA.

12. This action is a "class action." CAFA provides:

[T]he term "class action" means any civil action filed under rule 23 of

the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

28 U.S.C. § 1332(d)(1)(B). CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

13. Plaintiff filed this action as a putative class action. (*See* Ex. A, Compl. at 1 (titled "Class Action"); *id.* ¶ 1 (Plaintiff "bring[s] this Class Action Complaint . . ."), *id.* ¶¶ 27–40 (section entitled "Class Action Allegations").) Plaintiff also asserts that he seeks to represent a California class and California subclass. Specifically, he seeks to represent a California class (the "Class") defined as:

> All persons in California whose inbound and outbound telephone conversations were recorded without their consent by Defendant or its agent/s within the one year prior through the filing of this action to the date of Class Certification.

(*Id.* ¶ 27.) He also seeks to represent a California subclass (the "Cellphone Subclass," and together with the Class, the "Classes") defined as:

> All persons in California whose inbound and outbound telephone conversations made with their cellular telephones were recorded without their consent by Defendant or its agent/s within the one year prior to the filing of this action through the date of Class Certification.

(*Id.* ¶ 28.) The class definitions exclude LGC as well as LGC's employees or agents. (*Id.* ¶ 30.) Accordingly, the Complaint qualifies as a "class action" under CAFA.

**B.     The Proposed Class Exceeds 100 Members.**

14. The Complaint's allegations satisfy the first requirement for removal under CAFA that the putative class includes more than 100 members. 28 U.S.C. § 1332(d)(2). Plaintiff affirmatively asserts that putative class members "number in the thousands, if not more." (Ex. 1, Compl. ¶ 30.)

15. Without conceding liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claims for relief, if the allegations in the Complaint are accepted as true, there are more than

- 3 -

NOTICE OF REMOVAL

100 proposed class members. *See, e.g.*, *Phillips v. Wellpoint, Inc.*, No. 10-cv-357-JPG, 2010 WL 4877718, at *2 (S.D. Ill. Nov. 23, 2010) (relying on allegation in plaintiff's complaint that "the proposed class will exceed 20,000 policyholders and group members" to support a finding of jurisdiction under CAFA).

### C.   The Amount in Controversy Exceeds $5 Million.

16.   The Complaint's allegations satisfy the second requirement for removal under CAFA because the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(6).

17.   To meet the amount in controversy threshold, a notice of removal must include only "'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 700 (9th Cir. 2018) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (emphasis in original); *accord Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM(JMA), 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007).

18.   A court may consider various forms of relief sought in the complaint to determine the amount in controversy, including damages, compliance with injunctions, fees and costs, and treble and exemplary damages. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("the amount in controversy may include damages, costs of compliance with injunctions, and

attorneys' fees awarded under contract or fee shifting statutes"); *see also, e.g.*, *Chess v. CF Arcis IX LLC*, No. 20-cv-01625-CRB, 2020 WL 4207322, at *4 (N.D. Cal. July 22, 2020) ("When available by statute, treble damages can be included in the calculation for the amount in controversy.") (citing *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000)); *Greene v. Wells Fargo Bank, N.A.*, No. 18-cv-06689-JSC, 2019 WL 1331027, at *5 (N.D. Cal. Mar. 25, 2019) ("'[I]t is well established that punitive damages are part of the amount in controversy in a civil action.'") (quoting *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)).

19. A defendant's burden of proof on removal "is not daunting, as courts recognize that . . . a removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204–05 (emphasis in original; internal quotation marks omitted). Indeed, "a removing defendant need not meet a preponderance standard where, as here, the amount in controversy can be determined on the face of the pleadings." *Chess*, 2020 WL 4207322, at *4. Rather, "'[t]he sum claimed by the plaintiff controls so long as the claim is made in good faith.'" *Id.* (quoting *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000)).

20. Because Plaintiff alleges that the "members of the Classes number in the thousands, if not more," calculation of the amount in controversy is straightforward. (Ex. 1, Compl. ¶ 30.)

21. Plaintiff seeks, on behalf of himself and the putative Classes, "the greater of statutory damages of $5,000 per violation or three times actual damage per violation." (Ex. 1, Compl. ¶¶ 35, 66.) And each of the "thousands [or] more" class members is alleged to have suffered at least one or more violation. (*See id.* ¶¶ 27, 46–48.) As such, the alleged minimum aggregated statutory damages alone ($5,000 or more per class member) exceed the $5 million amount for alleged Classes of more than 1,000 individuals.

22. Plaintiff additionally seeks, on behalf of himself and the Cellphone

1   Subclass, "statutory damages of $5,000 per violation" and "$2,500 per violation []
2   for Plaintiff and each member of the Cellphone Subclass." (Ex. 1, Compl. ¶¶ 74–
3   75.) Put differently, the Complaint seeks $7,500 per violation for himself and the
4   Cellphone Subclass. These additional requested statutory damages further increase
5   the amount in controversy well above the $5 million threshold for the aggregate
6   amount in controversy.

7       23.    Plaintiff further seeks on behalf of himself and the Classes: (i)
8   "[i]njunctive relief in the form of an order requiring Defendant to disgorge all ill-
9   gotten gains and awarding Plaintiff, The Class, and The Cellphone Subclass full
10  restitution of all monies wrongfully acquired by Defendant"; (ii) an injunction
11  prohibiting "Defendant from recording each and every oncoming and outgoing
12  telephone conversation with California resident[s], including Plaintiff and The
13  Classes, without their prior consent"; (iii) "exemplary or treble damages"; (iv) "costs
14  of suit"; (v) "prejudgment interest"; and (vi) "such further relief as this Court deems
15  necessary, just, and proper." (*Id.* ¶¶ 67–72, 76–82.) Plaintiff additionally seeks on
16  behalf of himself and the Cellphone Subclass: (vii) "general damages"; and (viii)
17  "attorney's fees and costs." (*Id.* ¶¶ 78, 81.) The amount of this requested
18  disgorgement, restitution, exemplary or treble damages, general damages, attorney's
19  fees, costs, and costs of compliance with Plaintiff's requested injunction further
20  enlarge the amount in controversy—and is potentially significant for a putative class
21  of "thousands, if not more" members.

22      24.    Without conceding liability, appropriateness of class treatment,
23  appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claim for
24  relief, the face of the Complaint plausibly establishes that the amount in controversy
25  exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

26      **D.**    **There Is Minimal Diversity.**
27      25.    The Complaint's allegations satisfy the third requirement for removal
28  under CAFA—minimal diversity—because Plaintiff and the putative Classes are

"citizen[s] of a State different from [the] [D]efendant." 28 U.S.C. § 1332(d)(2)(A).

26. Plaintiff and the putative Classes are California residents. (Ex. 1, Compl. ¶¶ 6, 27–28.)

27. Defendant LGC is, and was at the time the Complaint was filed, a citizen of Delaware and Georgia: LGC is, and was at the time the Complaint was filed, incorporated in Delaware with its principal places of business in Georgia.[1] (Declaration of Ronan Ryan ("Ryan Decl.") ¶ 3); *see* 28 U.S.C. § 1332(c)(1).

28. Because LGC, on the one hand, and Plaintiff and the putative Classes, on the other hand, are citizens of different states, the minimal diversity requirement under CAFA is met.

**IV.   VENUE IS PROPER.**

29. Removal to this judicial district is proper because this district includes the County of Los Angeles, where the action is currently pending. *See* 28 U.S.C. § 84(a); 28 U.S.C. § 1441(a). Removal to this division is proper because this division includes the County of Los Angeles. *See, e.g.*, General Order No. 24-04 at I.B.1.b ("a case removed from state court will be randomly assigned . . . for the division embracing the place where the state court action was pending").

**V.   CONCLUSION.**

30. Based on the foregoing, LGC removes the civil action filed in the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California.

31. LGC reserves the right to amend and/or supplement this Notice of Removal.

---

[1] Although the Complaint asserts that LGC's principal place of business is New York (Ex. 1, Compl. ¶ 7), LGC's principal places of business is Atlanta, Georgia. (Ryan Decl. ¶ 3.) Regardless, LGC is diverse from Plaintiff and the putative classes, who are residents of California. (*See* Ex. 1, Compl. ¶¶ 6, 27–28.)

| | | |
|---|---|---|
| 1 | Dated: January 8, 2025 | Respectfully submitted, |

/s/ Rebecca L. Tarneja
REBECCA L. TARNEJA (SBN 293461)
*RTarneja@goodwinlaw.com*
MARK DAVID MCPHERSON (SBN 307951)
*MMcPherson@goodwinlaw.com*
**GOODWIN PROCTER LLP**

Attorneys for Defendant
LETSGETCHECKED, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on **January 8, 2025**.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **January 8, 2025**.

                                        /s/ Rebecca L. Tarneja
                                      REBECCA L. TARNEJA